In the Matter of LIONEL PHILLIPS.

County Court, Kings County, February 15, 1955.

*Michael Kern* for Lionel Phillips.

*Edward S. Silver, District Attorney (Aaron E. Koota* and *Jerome Ditore* of counsel), for The People of the State of New York.

LEIBOWITZ, J. This is an application to punish one Lionel Phillips, a witness before the Grand Jury, for contempt of court.

The Grand Jury has been investigating alleged fraudulent practices of certain television repair shops. The Phillips Tube Supply Company and Ace Electronics Company are concerns engaged in the supply business of television parts. Phillips and one Louis Beregowitz are partners in these businesses. A

subpœna duces tecum was served upon Phillips to produce the books of these concerns. On September 17, 1954, he appeared before the Grand Jury and was duly sworn. When directed to produce the books, he refused, alleging self incrimination. On October 22, 1954, he again appeared before the Grand Jury and on this occasion, pursuant to section 2447 of the Penal Law, immunity was conferred upon him. However, he again refused to produce the books.

An application was then made to this court to punish him for contempt because of such refusal. Plenary hearings were held on November 1 and November 5, 1954. On the latter date, he stated that he was now willing to produce the books, but that he could not do so because his partner, Beregowitz, had seized them and had taken them into his own custody. Phillips testified that he had " made a direct appeal to my partner to give me the books " without avail. On this hearing, Beregowitz testified that he was an equal partner; that he removed the books without the knowledge or consent of Phillips, three or four weeks prior to October 22, 1954; that he now refuses to turn over the books to Phillips in order to " protect my own rights ".

The attorney for Beregowitz, who is also the attorney for Phillips in this matter, stated Beregowitz's position in the following words: " If his co-partner Phillips is going to take the books and records and put this man in a hole and put him in legal difficulties, then he certainly has a right to take them away."

Section 750 of the Judiciary Law provides in part as follows: " A. A court of record has power to punish for a criminal contempt, a person guilty of any of the following acts, and no others: 1. * * * 2. * * * 3. Wilful disobedience to its lawful mandate."

The books of a partnership belong to both partners where there is no agreement, express or implied. Each partner has equal rights to the partnership books unless there is a contrary agreement. (*Sanderson* v. *Cooke,* 256 N. Y. 73, 80.)

The guilt of Phillips must be established beyond a reasonable doubt. Phillips can be convicted for a contempt only if it is established beyond a reasonable doubt that they are presently within his power and control and he willfully fails to produce them pursuant to the subpœnas duces tecum. (*United States* v. *Patterson,* U. S. Ct. of Appeals, S. D. N. Y., Jan. 27, 1955.)

An analysis of the evidence adduced on the contempt hearings discloses that, while there is strong suspicion present that the books were taken by Beregowitz with little or no protest on the

part of Phillips, and probably with his consent, yet the proof does not meet the standard that the law requires, namely, guilt beyond a reasonable doubt. (*Matter of Spector* v. *Allen,* 281 N. Y. 251, 259.)

I am, therefore, constrained to deny this application to punish Phillips for contempt. Order to that effect may be entered.